**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ARMANDO SANCHEZ-AVILA, | : | |
| PLAINTIFF, | : | |
| V. | : | CIVIL ACTION NO. |
| DENTSPLY LLC D.B.A. DENTSPLY SIRONA, | : | |
| DEFENDANT. | : | |

## COMPLAINT

Plaintiff Armando Sanchez-Avila ("Plaintiff" or "Mr. Sanchez-Avila"), by and through undersigned counsel, brings this action against Defendant Dentsply Sirona ("Defendant" or "Dentsply") and alleges as follows:

## PARTIES

1. Plaintiff is an individual residing at 102 Tranquility Lane, Georgetown, Delaware 19947.

2. Defendant Dentsply Sirona is a corporate entity with a facility located at 38 W. Clark Avenue, Milford, Delaware 19963, and employs more than 500 employees. Its registered agent is United Agent Group, Inc. 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in this District and Defendant resides and conducts business in this District. Plaintiff worked for Dentsply in Delaware and was discharged on June 12, 2024.

5. Plaintiff has exhausted administrative remedies. The Delaware Department of Labor issued a Final Determination and Right to Sue Notice in DDOL No. SAN011325 / 530-2025-01966 on December 29, 2025. On February 19, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff for Charge No. 530-2025-01966. Right to Sue Notices attached as Exhibits A and B.

## FACTUAL ALLEGATIONS

6. Plaintiff was hired by Defendant on May 10, 2021, and worked as a Maintenance Mechanic at Defendant's Delaware location until his discharge on June 12, 2024.

7. Plaintiff is Hispanic and of Mexican national origin.

8. During his employment, co-workers and management often made disparaging comments about Plaintiff's immigration status, including referencing him going to Mexico and "crossing the border".

9. Plaintiff complained to Defendant about discriminatory remarks and about being passed over for a day staff supervisor position in favor of a less experienced mechanic.

10. Defendant never investigated Plaintiff's complaint and instead increased scrutiny of Plaintiff's work.

11. Plaintiff was treated differently from non-Hispanic mechanics and was forced to do the work of two employees for ten months.

12. On June 12, 2024, Defendant terminated Plaintiff's employment, asserting that he improperly trained a production worker and citing safety concerns

13. Defendant documented the termination on or about June 13, 2024, stating that Plaintiff "failed to effectively resolve efficiency problems," "chose to instruct an operator how to 'band-aid' a problem," and "is being terminated from the company on this date," and listing prior discipline in 2022 and 2023.

14. In 2023 and 2024, Defendant gave Plaintiff two raises due to his excellent performance.

15. Plaintiff's 2023 performance review reflected that he was "very safety conscientious," consistently wore required PPE, served as a Medical First

Responder, supported the site's incident-free 2023 year, and maintained zero open work orders after mid-year review.

## CAUSES OF ACTION

### COUNT I: DISCRIMINATION ON THE BASIS OF RACE AND NATIONAL ORIGIN (TITLE VII) AND THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT (DDEA)

16. Plaintiff incorporates the preceding paragraphs.

17. Plaintiff is Hispanic and of Mexican national origin and is a member of protected classes under Title VII and the DDEA.

18. Plaintiff was subjected to disparaging remarks about immigration status, including references to going to Mexico and "crossing the border," by co-workers and management.

19. Plaintiff was treated less favorably than non-Hispanic mechanics in terms of scrutiny, workload, and promotional opportunities, and was required to perform the work of two employees for ten months.

20. Plaintiff was terminated on June 12, 2024, under a pretextual rationale related to alleged improper training and safety.

21. Defendant's actions constitute unlawful discrimination in violation of Title VII and the DDEA.

### COUNT II: RETALIATION (TITLE VII AND THE DDEA)

22. Plaintiff incorporates the preceding paragraphs.

23. Plaintiff complained to Defendant about discriminatory remarks and about being passed over for a day staff supervisor position in favor of a less experienced mechanic.

24. Following his complaints, Defendant failed to investigate and instead scrutinized his work more closely.

25. Plaintiff's termination on June 12, 2024, followed his protected complaints and was pretextual.

26. Defendant's actions constitute unlawful retaliation in violation of Title VII.

## DAMAGES

27. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic losses, including lost wages and benefits, and non-economic harm, including emotional distress, humiliation, and inconvenience.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

a) Back pay, front pay, and lost benefits;

b) Compensatory damages for emotional pain and suffering, humiliation, and inconvenience;

c) Punitive damages;

d) Pre- and post-judgment interest;

e) Reasonable attorneys' fees and costs;

f) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**THE POLIQUIN FIRM, LLC**

*/s/ Ronald G. Poliquin*
Ronald G. Poliquin (#4447)
1475 South Governors Ave.
Dover, DE 19904
(302) 702-5501
ron@poliquinfirm.com
*Attorney for Plaintiff*

Date: May 18, 2026